UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS COLEMAN,

Plaintiff,

v.

BERRIEN COUNTY et al.,

Defendants.

Case No. 1:05-cv- 530

Honorable Gordon J. Quist

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I. Factual Allegations

Plaintiff is currently incarcerated at the Bellamy Creek Correctional Facility. On July 9, 1990, pursuant to a plea agreement, Plaintiff was convicted in the Berrien County Circuit Court of delivery of cocaine less than fifty grams, MICH. COMP. LAWS. § 333.7401. Consistent with the plea agreement, he was sentenced to a term of imprisonment of five to twenty years. Upon the recommendation of the Berrien County prosecutor's office, Plaintiff was also ordered to pay restitution in the amount of $5,125.00 to the Michigan State Police. Plaintiff contends that at the time of his conviction Michigan law did not authorize an order of restitution to a non-victim entity.

On October 5, 1995, Plaintiff was granted parole by the Michigan Parole Board. Plaintiff was to be released from parole in October 1997. One of the conditions of Plaintiff's parole was that he pay the restitution that had been ordered. Because Plaintiff had not paid the restitution by October 1997, the Michigan Parole Board extended his parole for two years. On June 9, 1998, Plaintiff violated his parole, and after a hearing before the Michigan Parole Board, was returned to prison until April 12, 2003. After his release, Plaintiff was arrested on August 20, 2004, for violating his parole and again returned to prison.

Plaintiff brings this action against Berrien County, the Michigan Parole Board, and the Michigan State Police, claiming that the extension of his parole beyond the discharge date of October 5, 1997, based upon the allegedly illegal restitution order violated his Eighth Amendment rights and Fourteenth Amendment due process rights. Plaintiff seeks damages and injunctive relief.

II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because §1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under §1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff is claiming that if his parole had not been extended from October 1997 to October 1999 based upon the allegedly illegal restitution order, his 1998 and 2004 actions, which caused his return to prison, would not have constituted parole violations. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). To the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S.

477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).[1]

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights arising from his continued incarceration, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck* , 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). In *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005), the Supreme Court clarified the *Heck* rule, finding "that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Plaintiff's allegations clearly call into question the validity of his confinement. Accordingly. Plaintiff's complaint fails to state a claim upon which relief may be granted.

[1] A prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). As Plaintiff brought this action under the civil rights statutes rather than under the habeas corpus statutes, it is unclear whether he has exhausted his federal claims in the state courts.

III. Motion for Leave to Amend

Plaintiff submitted a letter that the Court deems a Motion for Leave to Amend the Complaint. (Docket # 12). It appears Plaintiff recognizes that *Heck* is applicable to his complaint as he states that an amendment to his complaint is necessary pursuant to *Heck* and *Muhammad v. Close*, 540 U.S. 749 (2004).[2] However, the Court will not grant his motion for the following reasons. First, the Court has no discretion in allowing amendment to avoid the dismissal of a case under the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *accord Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). Second, a petition for writ of habeas corpus is brought under 28 U.S.C. § 2254, rather than 42 U.S.C. § 1983. Because the requirements under the statutes are not identical, a § 1983 complaint may not be converted into a § 2254 petition. If Plaintiff has exhausted his available state remedies in regard to his allegedly illegal sentence, his proper course is to file a petition for writ of habeas corpus on the proper form and naming the proper respondent. Accordingly, the Court will deny Plaintiff's motion for leave to amend.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d at 611. For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an

[2] Explaining that "challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad*, 540 U.S. at 750, citing *Preiser v. Rodriguez*, 411 U.S. at 500.

appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: October 6, 2005

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE